Ut IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiffs,

vs.

CHRISTOPHER GRUTEL,

Defendant.

**8:25CR235**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Christopher Grutel's Statement of Objections to Magistrate Judge's Order. (Filing No. 440.) For the reasons explained below, the Statement of Objections will be overruled.

## BACKGROUND

On August 28, 2026, Defendant was arraigned before the Magistrate Judge on the Superseding Indictment in this case (Filing No. 339) which was returned on August 18, 2026. (Filing No. 373.) At the arraignment, the Government made an oral motion to designate this case as unusual and complex and thus exempt from the time limits of the Speedy Trial Act. (Filing No. 373.) Defendant objected to the Government's motion. (Filing No. 373.) In opposition, Defendant's counsel[1] argued that the allegations against Defendant are like the factual allegations stated against Defendant in an indictment filed on March 18, 2026 in another case pending before this Court—Case No. 8:26CR34. (Case No. 8:26CR34, Filing 31.) Counsel asserted that the allegations against Defendant in the Superseding Indictment appear to be a merger of the two

[1] No other defendant arraigned on August 28, 2026 objected to the Government's oral motion to designate this case as unusual and complex. (Filing Nos. 361, 362, 363, 372, 374.)

cases, and that that this case should not be exempt from Speedy Trial because Case No. 8:26CR34 has been pending for quite some time. (Filing No. 390.) The Magistrate Judge did not decide the oral motion and indicated that the Government would file a written motion. (Filing No. 373.)

Later that day, the Government filed a written motion for designation of this case as complex. (Filing No. 375.) In the motion, the Government set forth the following reasons for a complex case designation: (1) the voluminous amount of discovery that would have to be placed onto external hard drives for thirteen separate opposing counsel; (2) lack of resources to prepare all necessary hard drives for disclosure at the same time and ongoing assessment of the specifics that a hard drive purchased by opposing counsel would need to receive the full weight of initial disclosures; (3) evidence in the case would include hundreds of thousands of Instagram conversations, numerous cellular phone devices extracted from a variety of defendants and witnesses, significant digital video evidence collected from many violent crime scenes, along with a significant volume of case reports and other digital evidence; (4) the complex nature of the charges; and (5) the severity of the penalties facing the defendants. (Filing No. 375.) The Government argued the scope of the allegations in the Superseding Indictment exceeds that of the original Indictment, as does the scope of the discovery the Government must disclose. The Government stated that the Superseding Indictment incorporated the allegations originally filed in Case No. 8:26CR34 and added the three defendants named in Case No. 8:26CR34, as well as four defendants who were not previously indicted. The Government also pointed out that Defendant's co-defendants who were arraigned on August 28, 2026 did not object to designating this case as complex. Additionally, on December 5, 2025, the Government and counsel for most of the defendants named in the original Indictment filed a joint motion to designate the case as complex, which was granted.[2] (Filing No. 192; Filing No. 259.)

On September 3, 2026, the Magistrate Judge issued an order granting the Government's motion for a Speedy Trial exemption and declared this case unusual and complex as to the defendants that were arraigned on August 28, 2026. (Filing No. 412.) The Order stated, in part, that "due to the nature of the prosecution, the counts alleged in the indictment, and the amount of

[2] The only defendant charged in the original Indictment who objected to the designation requested in the December 5, 2025 motion was Gregory Bahati. (Filing No. 237.) The designation was granted over Defendant Bahati's objection. (Filing No. 311; Filing No. 312; Filing No. 326.)

discovery, as well as for the reasons set forth in the motion (Filing No. 375) and the original motion on this issue (Filing No. 192), during the initial appearances of these defendants and co-defendants, the court designates this case as an unusual and complex case. 18 U.S.C. § 3161(h)(7)(B)(ii)." (Filing No. 412.) Defendant objects to this order.

## STANDARD OF REVIEW

Factual findings about the Speedy Trial Act are reviewed for clear error, and legal conclusions de novo. *See United States v. Harlan*, 960 F.3d 1089, 1092 (8th Cir. 2020); *see also* 28 U.S.C. § 636(b). Here, out of an abundance of caution, the Court has reviewed the issue de novo.

## DISCUSSION

Defendant has identified the following objections to the Magistrate Judge's September 3, 2026 order and complex case designation:

1. The finding that "this case is so unusual and so complex due to the nature of the prosecution, the counts alleged in the indictment, the amount of discovery, as well as the reasons set forth in the government's original motion on this issue (Filing No. 192), that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial within the time limits established by the Speedy Trial Act;"

2. "To the order granting the government's motion for speedy trial exemption and request to declare this case as unusual and complex, (Filing No. 375);"

3. The designation of this case as an usual and complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii);

4. To the finding that "[t]he additional time arising as a result of the granting of this motion, i.e. from today's date through November 2, 2026 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act for the reason counsel require additional time to adequately prepare the case, taking into consideration due diligence of counsel, and the novelty and complexity of this case;" and

5. To the finding that the "failure to grant additional time might result in a miscarriage of justice."

(Filing No. 440.)

Defendant argues that the Magistrate Judge did not specifically set forth her reasons for finding that the ends of justice would be served by granting the Government's motion to designate this matter as complex as required by 18 U.S.C. § 3161(h)(7)(A). Moreover, Defendant maintains that because the allegations in this case appear to be factually similar to the allegations in Case No. 8:26CR34, and the Government has had since March 18, 2026 to bring that case to trial, the Magistrate Judge's findings under 18 U.S.C. § 3161(h)(7)(B) were erroneous. Defendant asserts this is true despite the number of defendants named and counts alleged in the Superseding Indictment.

The Speedy Trial Act requires that trial begin within 70 days after a defendant is charged or makes an initial appearance before a judicial officer of the court in which such charge is pending, whichever date last occurs. *See United States v. Boyd*, 138 F.4th 1079, 1082 (8th Cir. 2025). However, the Speedy Trial Act allows certain delays to be excluded for purposes of calculating the seventy-day time limit. Relevant here, is the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his [or her] findings that the *ends of justice* served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (emphasis added). Among the factors to be considered in determining whether a period of delay should be excluded based on the "ends of justice," are "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

The Court will overrule Defendant's Objection to the designation of this case as unusual and complex. As an initial matter, contrary to Defendant's assertion, the Magistrate Judge did set forth in writing her reasons for finding that the ends of justice outweigh the best interests of the public and Defendant in a speedy trial, as required by 18 U.S.C. § 3161(h)(7)(A).[3] The September

[3] The statute provides, in part, that "[n]o such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable . . . unless the court sets forth . . . either orally or in writing, its

3, 2026 order explained that this case is unusual and complex due to the "nature of the prosecution, the counts alleged in the indictment, the amount of discovery, as well as the reasons set forth in the government's original motion on this issue." (Filing No. 412.) The order also found that counsel[4] required "additional time to adequately prepare the case, taking into consideration due diligence of counsel, and the novelty and complexity of this case."[5] (Filing No. 412.) The order further determined that the failure to grant additional time might result in a miscarriage of justice. (Filing No. 412.) Defendant's assertion that the Magistrate Judge did not comply with § 3161(h)(7)(A) lacks merit.

Further, the indictment in Case No. 8:26CR34 does not prevent this case from being designated as unusual and complex. The three-count indictment in Case No. 8:26CR34 charged three individuals, including Defendant and two of his co-defendants in this case (Victor Henderson and Cedric Glover) with (1) conspiracy to possess firearms in furtherance of crimes of violence in violation of 18 U.S.C. § 924(o); (2) conspiracy to ship, transport, transfer, cause to be transported, and otherwise dispose of one or more firearms to another person knowing that the use, carrying, and possession of a firearm by the recipient would constitute a felony in violation of 18 U.S.C. §§ 933(a)(3) and (b); and (3) using, carrying and discharging firearms during and in relation to a crime of violence that is, murder in aid of racketeering in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.[6] (Case No. 8:16CR34, Filing 31.) The charges in the instant case are far more extensive and complex.

The Superseding Indictment, which includes forty-seven counts and twenty defendants, names Defendant in nine Counts. (Filing No. 339.) The charges all stem from an alleged violent gang enterprise. The Counts against Defendant include: conspiracy to commit assault with a

reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

[4] The Court will note that the order pertained to all the defendants arraigned on August 28, 2026.

[5] Defendant's counsel seemingly believed he did not need additional time to prepare, but per the record, it does not appear that counsel had received all discovery at that point. Therefore, it is unclear to the Court how counsel could be sufficiently prepared to determine if any pretrial motions needed to be filed or be prepared to try the case in the normal Speedy Trial timeframe.

[6] Upon the Government's request, that indictment in Case No. 8:26CR34 was dismissed on September 21, 2026 because the counts and individuals charged therein were included in the Superseding Indictment filed in this case. (Case No. 8:26CR34, Filing 67, Filing 68.)

dangerous weapon and murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(5), (a)(6), and 2; assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(3) and 2; discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and (2); murder by firearm in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (j)(1), and (2); conspiracy to possess firearms in furtherance of crimes of violence in violation of 18 U.S.C. § 924(o); and firearms trafficking conspiracy in violation of 18 U.S.C. §§ 933(a)(3) and (b). (Filing No. 339.) This case involves an extensive criminal enterprise with numerous actors and separate, but related, events. The charges involve several extreme acts of violence, including murder. Given the nature of the charges and severity of possible penalties faced by the defendants, discovery and research will be extensive and time consuming. This case warrants a complex and unusual designation. Therefore, Defendant's objection to the Magistrate Judge's order will be overruled.

Accordingly,

**IT IS ORDERED** that Defendant's Statement of Objections to Magistrate Judge's Order (Filing No. 440) is overruled.

Dated this 15th day of October, 2026.

BY THE COURT:

Susan M. Bazis

Susan M. Bazis
United States District Judge